FILED
February 28, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: ___DT___
       Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>(█████████████████)<br>(2) ANGEL DAVID ZAMORA,<br><br>Defendant. | Case No: EP:24-CR-00490-KC<br><br>**SEALED INDICTMENT**<br><br>CT 1: 18 U.S.C. § 933(a)(1), (a)(3), and (b) – Trafficking in Firearms<br><br>████████████████████<br><br>*Notice of Government's Demand for Forfeiture* |

## INTRODUCTION

THE GRAND JURY CHARGES:

### COUNT ONE
(18 U.S.C. § 933(a)(1), (a)(3), and (b) – Trafficking in Firearms)

The Grand Jury re-alleges and incorporates by reference the Introduction as if fully set out herein.

That on or about December 5, 2023, and continuing until on or about the date of this indictment, within the Western District of Texas and elsewhere, the Defendants,

████████████████ and
**ANGEL DAVID ZAMORA**,

did knowingly and willfully combine, conspire, confederate, and agree with persons known and unknown to the Grand Jury to commit offenses against the United States, namely: to ship, transport, transfer, cause to be transported, or otherwise dispose of firearms to another person, including but not limited to the following:

(1) one (1) Glock, Model 48, 9mm handgun;

<2) one (1) Aero precision, Model Ghost Gun GF-15, 5.56 caliber rifle, attached to which was a Spike's Tactical Havoc 37mm launcher;

(3) one (1) Black Rain Ordnance, Model Spec15, multi-caliber rifle;

(4) fifty (50) rounds of Barnes Bullets 300 Blackout ammunition; and

(5) ten (10) rounds of 37mm Ordnance Group Wildlife control rounds;

in or otherwise affecting interstate or foreign commerce, knowing or having reasonable cause to believe that the use, carrying, or possession of the firearm by the recipient would constitute a felony, all in violation of Title 18, United States Code, Section 933(a)(1), (a)(3) and (b).



knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly receive firearms and ammunition, to wit:

(1) one (1) Glock, Model 48, 9mm handgun;

(2) one (1) Aero precision, Model Ghost Gun GF-15, 5.56 caliber rifle, attached to which was a Spike's Tactical Havoc 37mm launcher;

(3) one (1) Black Rain Ordnance, Model Spec15, multi-caliber rifle;

(4) fifty (50) rounds of Barnes Bullets 300 Blackout ammunition; and

(5) ten (10) rounds of 37mm Ordnance Group Wildlife control rounds;

said firearms and ammunition having been shipped and transported in interstate commerce; all in

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Trafficking of Firearms Violations and Forfeiture Statutes
[Title 18 U.S.C. §§ 933(a)(1), (a)(3) and (b), subject to forfeiture pursuant to Title 18 U.S.C. §§ 934(a)(1)(A) and (B)]

As a result of the foregoing criminal violations set forth in Count One, the United States of America gives notice to Defendants ▮▮▮▮▮▮▮▮▮▮ and **ANGEL DAVID ZAMORA** of its intent to seek the forfeiture of certain property upon conviction and pursuant to FED. R. CRIM. P. 32.2, Title 18 U.S.C. §§ 934(a)(1)(A) and (B), which state:

**Title 18 U.S.C. § 934. Forfeiture**

**(a) Forfeiture.**
  **(1) In General.**—Any person convicted of a violation of section 932 or 933 shall forfeit to the United States, irrespective of any provision of State law—
    **(A)** any property, constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and
    **(B)** any of the person's property used, or intended to be used, in any manner o part, to commit, or to facilitate the commission of, such violation, except that for any forfeiture of any firearm or ammunition pursuant to this section, section 924(d) shall apply.

### II.
### Firearms Violation and Forfeiture Statutes
[Title 18 U.S.C. §§ 922(g)(1) and 924(a)(2), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the criminal violation set forth in Count Two, the United States gives Notice to the Defendant ▮▮▮▮▮▮▮▮▮▮ of its intent to seek forfeiture of certain property upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 924(d)(1), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c). Section 924 provides, in pertinent part, the following:

**Title 18 U.S.C. § 924. Penalties**
  **(d)(1)** Any firearm or ammunition involved in or used in any knowing violation of subsection . . . (g). . . of section 922, . . . shall be subject to seizure and forfeiture . . .

The Notice of Demand of Forfeiture includes but is not limited to the money judgment in Paragraph III.

### III.
### Money Judgment

A sum of money that represents the amount of proceeds obtained, directly or indirectly, property involved in such offense, or traceable to such property as a result of the violations set forth in Count One for which Defendants ███████████ and **ANGEL DAVID ZAMORA** are individually liable.

### Substitute Assets

If any forfeitable property, as a result of any act or omission of the Defendants:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property, up to the value of said money judgment, as substitute assets pursuant to Title 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL.

███████████

FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: _/s/ Michael L. Glass_
Assistant United States Attorney